**FILED**

JAN 2 5 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| KEVIN JOHN DAVIDSON, | No. 4-04-bk-0485-JMM |
| Debtor. | Adversary No. 4:06-ap-00072-JMM |
| KEVIN JOHN DAVIDSON, | **MEMORANDUM DECISION** |
| Plaintiff, | **(MOTION TO DISMISS)** |
| vs. | |
| FARMERS INSURANCE EXCHANGE, et al., | |
| Defendants. | |

This court has reviewed the Defendants' motion to dismiss complaint, the response, and the Defendants' reply, as well as the entire administrative file in the Debtor's chapter 13 bankruptcy case. It does not appear to the court that oral argument would be helpful, and the court can therefore rule on the basis of the record before it.

The Defendants have asked the court to dismiss, for failure to state a claim and lack of proof of damages. The court agrees and will dismiss the case for failure to state a cognizable claim. FED. R. BANKR. P. 7012. In doing so, the court has construed the well-plead allegations of the complaint as being true.

## FACTS

1.    The Debtor filed a chapter 13 case on September 24, 2004.

2.    On August 9, 2005, this court lifted the automatic stay to allow the Defendants herein to exercise termination remedies pursuant to an insurance agency agreement.

3.    At the hearing on the stay relief issue, held on August 2, 2005, the Plaintiff's bankruptcy attorney, James L. Robinson, appeared and advised the court that there was nothing to prevent Farmers from commencing and completing its termination procedure. At the same hearing, Farmers' counsel advised the court that such procedure, pursuant to the parties' contract, would take at least 90 days to complete.

4.    On November 14, 2005, more than 90 days after the stay relief hearing, the agency agreement between the parties was terminated, with an unfavorable result to the Plaintiff.

5.    On January 10, 2006, the Debtor's chapter 13 plan was confirmed.

6.    Seven and one-half months after termination, on June 30, 2006, the Debtor commenced the instant adversary proceeding, alleging intentional violations of the automatic stay.

## THE LAW

Section 362(a) of the Bankruptcy Code prohibits a creditor from seeking to collect upon a "claim" once a bankruptcy is filed. That stay remains in effect until the court "lifts" or otherwise modifies it, or other events happen within a case, such as the granting of a discharge. § 362(a).

Here, the issue confronting the parties involved, is not, apparently, the collection of a "claim" or "debt" from the Defendants, but the November 14, 2005 termination of the agency agreement which had allowed the Debtor to sell Farmers' insurance products.

More importantly, however, was the entry of this court's order lifting the stay for that purpose, on August 9, 2005, after Debtor's counsel agreed to such relief. The issue of a prior § 362(h) violation was never raised. Accordingly, it was waived. To the extent that the alleged stay violation involved events--subsequently withdrawn by Farmers--which occurred prior to August 9, 2005, the court finds that the

2

Plaintiff here has not shown that he suffered any monetary damages nor why his failure to timely act upon those alleged and innocuous violations entitles him to relief under § 362(h).

All of the disputed matters involving Plaintiff's termination, which creates the claimed cause of action here, occurred <u>after</u> the court lifted the stay on August 9, 2005. The Debtor complains that he was not given adequate notice of the Farmers' November, 2005 termination hearing, or that there were other procedural defects surrounding the termination hearing which concluded with the November 14, 2005 agency termination action.

Even considering Plaintiff's contentions in the most favorable light, it is clear that those facts do not involve a stay violation, because the court lifted the stay on August 9, 2005. All of the events complained of occurred after that date. If the Plaintiff feels that his contractual rights were breached, or that there were improprieties in how Farmers conducted the termination hearing, he is free to proceed to the Superior Court and sue for contractual remedies. However, he has not stated a claim for a § 362(h) violation which may be maintained in the Bankruptcy Court.

A separate order will be entered which grants Defendants' motion and dismisses Plaintiff's complaint against all Defendants, with prejudice. FED. R. BANKR. P. 9021. Any appeal must be taken within ten days after the order is entered. FED. R. BANKR. P. 8002.

DATED: January 25, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below
this 25th day of January, 2007, upon:

James L. Robinson, Jr.
Daniel J. Rylander
Robinson & Rylander
4340 N. Campbell Ave., Suite 266
Tucson, AZ 85718
Attorney for Debtor/Plaintiff
Email: ecf@robrylaw.com

Michael L. Price
1051 N. Columbus Blvd., Suite 100
Tucson, AZ 85711
Attorney for Debtor/Plaintiff
U.S. Mail

Charles S. Riecke
Seyfarth Shaw LLP
55 E. Monroe St., #4200
Chicago, IL 60603
Attorneys for Defendants
Email: criecke@seyfarth.com

Dianne C. Kerns
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305
Chapter 13 Trustee
Email mail@dcktrustee.com

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/ M. B. Thompson
      Judicial Assistant

4